MORRISON COHEN LLP
David A. Piedra, Esq. (DP-9693)
Mary E. Flynn, Esq. (MF-4676)
909 Third Avenue
New York, New York 10022
(212) 735-8600
*Attorneys for Defendant*
*Purnendu Chatterjee*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------

| | |
|---|---|
| JET STAR ENTERPRISES LTD., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| -against- ) | 05-CV-6585 (HB) |
| ) | |
| GEORGE SOROS, PURNENDU CHATTERJEE, ) | |
| DEUTSCHE BANK TRUST AMERICAS, ) | **ANSWER AND AFFIRMATIVE** |
| MORGAN STANLEY CS, ) | **DEFENSES TO FIRST** |
| AVIATION HOLDINGS LLC ) | **AMENDED COMPLAINT** |
| WELLS FARGO BANK NORTHWEST, N.A., ) | |
| AKIN GUMP STRAUSS HAUER & FELD LLP, ) | |
| BINGHAM MCCUTCHEON LLP, ) | |
| SIDLEY AUSTIN BROWN & WOOD LLP, and ) | |
| MB STATUTORY TRUST, ) | |
| ) | |
| Defendants. ) | |

------------------------------------------------------------

Defendant Purnendu Chatterjee ("Dr. Chatterjee") submits his answer and affirmative defenses to the first amended complaint of the plaintiff Jet Star Enterprises, Ltd. ("Jet Star"):

1. Paragraph 1 of the first amended complaint contains plaintiff's summary of this action, which requires no response. However, Dr. Chatterjee denies the general allegations contained therein and that plaintiff is entitled to the relief it seeks.

2. Dr. Chatterjee admits, with respect to the allegations of paragraph 4 of the complaint, only that he is a U.S. citizen who maintains, for a limited time during the year, a residence in New York.

3. Dr. Chatterjee denies the allegations contained in paragraphs 14, 25, 27-28, 32, 40, 42-43, 59-64, 66, 68, 70, 77-78, and 80.

4. Dr. Chatterjee denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 2, 3, 5-10, 13, 16, 18, 20-21, 33-34, 36, 38, and 73-76 of the complaint.

5. Paragraphs 11 and 12 state conclusions of law to which no response is required. To the extent a response is required, Dr. Chatterjee admits only that jurisdiction and venue are proper in this Court.

6. Dr. Chatterjee denies the allegations concerning himself contained in paragraphs 15, 17, 19, 22-24, 37, 39 and 72 of the complaint. Dr. Chatterjee denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations of these paragraphs.

7. Dr. Chatterjee repeats and realleges, as if set forth fully herein, his responses to the allegations of the paragraphs, incorporated by reference, in paragraphs 26, 29, 31, 41, 44, 46, 51, 54, 56, 58, 65, 67, 69, 71, 79, 81 and 84 of the complaint.

8. Paragraphs 30, 45, 47-50, 52-53, 55, 57, 82-83 and 85-86 do not assert causes of action against Dr. Chatterjee and therefore no response is required to them. To the extent a response is required, Dr. Chatterjee denies the allegations contained in those paragraphs.

9. Dr. Chatterjee denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 35, except that he denies that CS Aviation was the ultimate beneficiary of the aircraft trusts at issue.

## FIRST AFFIRMATIVE DEFENSE

The first amended complaint fails to state any claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims for fraudulent conveyance and/or transfer must fail as to Dr. Chatterjee as he has never been a debtor of Plaintiff.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims for fraudulent conveyance and/or transfer must fail as to Dr. Chatterjee as he did not make any of the alleged conveyances or transfers referred to in the First Amended Complaint, nor did he receive any such transfers or conveyances or benefit from them.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims for fraud and fraudulent inducement must fail as they are not pled with sufficient particularity and do not state a cause of action as to Dr. Chatterjee and merely restate the damages arising from contract claims.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims for conversion fail to state a cause of action as to Dr. Chatterjee as he has no property belonging to Plaintiff. Moreover, Plaintiff has never made demand for any alleged property from Dr. Chatterjee.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims for promissory estoppel fail to state a cause of action as to Dr. Chatterjee as Dr. Chatterjee has not made any promises to Plaintiff.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims for fraud, fraudulent inducement and promissory estoppel must fail as Abdol Mobury was not an agent of Dr. Chatterjee.

## EIGHTH AFFIRMATIVE DEFENSE

The default judgments on which the plaintiff premises its claims for damages are not binding on or with respect to Dr. Chatterjee.

## NINTH AFFIRMATIVE DEFENSE

The plaintiff's claims, or some of them, are barred by the applicable statutes of limitation, the doctrines of waiver and estoppel, laches and the plaintiff's own unclean hands.

## TENTH AFFIRMATIVE DEFENSE

The plaintiff's damages, if any, were caused by the actions, omissions or failures to act, or culpable conduct of persons over whom Dr. Chatterjee had no control and for whose actions he bears no responsibility.

## ELEVENTH AFFIRMATIVE DEFENSE

The damages sought in the complaint are barred in whole or in part due to the plaintiff's own actions, omissions or failures to act, or culpable conduct.

## TWELFTH AFFIRMATIVE DEFENSE

The plaintiff has failed to join necessary parties.

Dated: New York, New York
      March 16, 2006

Respectfully submitted,

MORRISON COHEN LLP

By: /s/ Mary E. Flynn
    David A. Piedra (DP-9693)
    Mary E. Flynn (MF-4676)
    Attorneys for Defendant
    Pernendu Chatterjee
    909 Third Avenue
    New York, New York 10022
    (212) 735-8600

-and-

Dustin F. Hecker, Esq.
POSTERNAK BLANKSTEIN & LUND, LLP
The Prudential Tower
800 Boylston Street
Boston, MA 02199
(617) 973-6131

*Attorneys for Defendant*
*Purnendu Chatterjee*