USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/31/2004

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------

JET STAR ENTERPRISES LTD.,

        Plaintiff,

-against-

GEORGE SOROS, PURNENDU CHATTERJEE,
DEUTSCHE BANK TRUST COMPANY AMERICAS,
WELLS FARGO BANK NORTHWEST, N.A.,
and MB STATUTORY TRUST,

        Defendants.

------------------------------------

Case No. 05 CV 6585 (HB)

## STIPULATION OF SETTLEMENT AND ORDER

Plaintiff, Jet Star Enterprises Ltd. ("Jet Star"), and Wells Fargo Bank Northwest, National Association, in its capacity as trustee or in its individual capacity (herein unless otherwise specified, without regard to its capacity, "Wells Fargo") hereby stipulate and agree that this action is settled as between Jet Star and Wells Fargo on the terms and conditions hereinafter set forth.

### BACKGROUND

A.    Jet Star instituted an action in the United States District Court for the Southern District of New York (Jet Star Enterprises Ltd. v. Wells Fargo Bank Northwest, N.A. et al., 01 CV 6590 (DAB) (the "Jet Star I Litigation")). On or about July 15, 2003, Jet Star entered a default judgment against both defendants in the Jet Star I Litigation. Subsequently, by order dated February 23, 2004 (the "Modification Order"), the said default judgment was modified to provide that it is entered against Wells Fargo solely in its capacity as Owner Trustee. The said default judgment, as so modified, is herein referred to as the "Default Judgment."

B.  Jet Star appealed and Wells Fargo cross-appealed from certain portions of the Modification Order. The appeal and cross-appeal (herein collectively the "Appeals") are currently pending before the United States Court of Appeals for the Second Circuit.

C.  In its first amended complaint in this action, Jet Star alleged *inter alia* that Wells Fargo and other defendants committed or omitted to take certain actions that resulted in Jet Star's inability to enforce the Default Judgment.

D.  Jet Star and Wells Fargo now desire to settle all of the claims asserted by Jet Star against Wells Fargo in this action and to set forth their agreement with respect to certain other matters related to Jet Star's claims against Wells Fargo. Accordingly, Jet Star and Wells Fargo stipulate and agree as follows:

## TERMS OF SETTLEMENT

1.  This Action and each Claim for Relief asserted against Wells Fargo herein is dismissed with prejudice and on the merits as against defendant Wells Fargo, without costs to either party hereto as against the other.

2.  As soon as practicable following the execution of this Stipulation by both parties: (a) Jet Star shall execute and deliver to the undersigned counsel for Wells Fargo: (i) the release in favor of Wells Fargo ("Wells Fargo Release") in the form attached as Exhibit A and (ii) the release of Sidley Austin LLP ("Sidley Release") in the form attached as Exhibit B; and (b) counsel for Jet Star shall execute and deliver to counsel for Wells Fargo (i) the stipulation dismissing the Appeals in the form attached as Exhibit C and (ii) the stipulation vacating the surety bond and discharging the surety thereunder in Jet Star I in the form attached as Exhibit D.

3.  Counsel for Wells Fargo shall hold in escrow this stipulation and the stipulations executed by counsel for Jet Star, dismissing the Appeals and vacating the surety bond, until the

2

Wells Fargo Release and the Sidley Release shall have been executed by their Releasors and delivered to counsel for Wells Fargo.

4. Counsel for Wells Fargo shall thereupon hold said releases in escrow and execute the said stipulations, deliver to the Second Circuit the stipulation dismissing the Appeals and deliver to Judge Batts the stipulation vacating the surety bond, whereupon counsel for both parties shall then cooperate in taking all steps reasonably necessary to obtain an order from the Second Circuit dismissing the Appeals and a "so ordering" by Judge Batts of the stipulation vacating the surety bond. Counsel for Wells Fargo shall deliver this stipulation to this Court as soon as possible following entry of an order by the Second Circuit dismissing the Appeals.

5. However, if the instant Stipulation shall not be so ordered by this Court on or before May 30, 2006, or if an Order shall not be entered by the Second Circuit dismissing the Appeals on or before said date, without regard to whether Judge Batts shall have signed the order vacating the surety bond by that date, then upon written notice given any time following that date, from either Jet Star or Wells Fargo to the other, this Stipulation, as well as the stipulations dismissing the Appeals and vacating the surety bond, to the extent not already signed by the Circuit Court or Judge Batts, as the case may be, shall terminate and be of no force and effect, the parties shall endeavor to obtain a briefing schedule from the Second Circuit and shall cooperate to obtain the return of any stipulation not already signed from the Court to which such stipulation shall have been submitted, and Wells Fargo's counsel shall return the releases to the parties who executed the same.

6. Not later than on the third banking day following notice of entry by the Second Circuit of an order dismissing the Appeals, Wells Fargo shall pay to Jet Star by wire transfer to such account or accounts as may be designated by Jet Star's undersigned counsel, the sum to

3

which said parties have agreed. Upon payment of said sum, Wells Fargo's counsel shall deliver the releases referenced in paragraph 2(a) to the releasees named therein. The amount of such payment shall be confidential. Neither party shall disclose such amount to any person except (a) to their respective counsel, accountants or auditors or other professional advisors, (b) to their affiliates, or (c) as may be required by law or process issued by a court or governmental agency or (d) as may be required for the enforcement of this Stipulation.

7. The parties agree to cooperate in order expeditiously to conclude the settlement set out herein.

8. Notwithstanding the exclusion set forth in the Wells Fargo Release, Jet Star unconditionally and irrevocably (a) covenants not to sue Wells Fargo Bank Northwest, National Association individually or in any trust capacity, and (b) agrees not to serve or cause to be served any process including subpoenas, deposition notices, interrogatories, document production demands or other discovery devices on Wells Fargo Bank Northwest, National Association individually or in any trust capacity, in either case (a) or (b) in connection with any "New Claim." As used herein, the term "New Claim" means any claim by Jet Star that arises or accrues after the date hereof and that arises out of or is connected in any way to an allegation that Wells Fargo Bank Northwest, National Association individually or in any trust capacity transferred or permitted the transfer of any property or released or permitted the release of any right or claim or participated or permitted another to participate in any transaction that results in a transfer of property or release of a right or claim to or for the benefit of any person, firm or entity that, as of the date hereof, is a defendant other than Wells Fargo in this action.

9. The terms of this Stipulation and each document executed in connection herewith shall be binding on Jet Star and on all persons or entities controlled by, or that control or are

4

under common control with Jet Star, and on each of their respective officers, directors, shareholders, managers, agents and employees, and on any other person or entity acting on behalf of any of them. Jet Star represents and warrants that it has not assigned and covenants and agrees that it will not assign any claim that it may now have or that may subsequently accrue against Wells Fargo and agrees that any purported assignment in violation of the foregoing shall be null and void and of no force or effect.

10. This Court shall retain jurisdiction to hear and resolve disputes arising out of this Stipulation and the releases. To the extent permitted by applicable local or Chambers rules, any such application shall be made by letter addressed to the Court on reasonable notice to all interested parties.

11. Each of the parties confirms that it is subject to the personal jurisdiction of this Court in connection with this action and for all purposes of this Stipulation executed in connection herewith, and waives any claim or defense based on lack of personal jurisdiction, or that venue in this Court is improper or that this Court constitutes an inconvenient forum with respect to this action or this Stipulation.

12. Counsel for Jet Star represents and warrants that she has full authority, on behalf of Jet Star, to enter into the instant Stipulation and the stipulations annexed as exhibits hereto.

13. The Stipulation and the exhibits annexed hereto constitute the entire stipulation and agreement regarding the settlement set out herein and therein and supersede any prior understanding (written or oral) regarding the subject matter hereof or thereof.

14. Nothing contained in this Stipulation or any document executed in connection herewith shall constitute an admission or acknowledgment on behalf of Wells Fargo of any wrongdoing or any liability with respect to any claim asserted against it in this action.

15. Each of the releases executed in connection with this Stipulation shall be deemed part of this Stipulation.

Dated: May __, 2006
New York, New York

                                         **VEDDER, PRICE, KAUFMAN & KAMMHOLZ, P.C.**

By: _____
John I. Karesh, Esq. (JK 4280)

805 Third Avenue
New York, NY 10022
(212) 407-7700

Attorneys for Defendant
Wells Fargo Bank Northwest,
National Association, in its
individual and in any trust capacity

**V. ELIZABETH GRAYSON, ESQ.**
(VG 2792)

_____

270 Ninth Avenue
San Francisco, CA 94118
(415) 797-2183

Attorney for Plaintiff,
Jet Star Enterprises Ltd.

So Ordered:

_____ 5/30/06
U.S.D.J.

6